**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| TONY SUMLER, Plaintiff, | ) | **CIVIL ACTION** |
| v. | ) | No. 02-1383-MLB |
| THE BOEING COMPANY, Defendant. | ) | |

**MEMORANDUM AND ORDER**

Before the court are the following:

1. Plaintiff's motion to retax costs (Doc. 98); and

2. Defendant's response (Doc. 99).

Following the Tenth Circuit's affirmance of this court's order granting Boeing's motion for summary judgment, Boeing timely filed a bill of costs. Pursuant to the customary procedure in this court, the clerk held a conference between counsel regarding the costs and, as a result of the conference, Boeing agreed to file a revised bill of costs. After the revised bill was filed, the clerk entered an award of costs in the amount of $6,311.80. Plaintiff then filed a timely motion to retax the costs.

Plaintiff initially argues that the court should make a discretionary order that each party bear their own costs. Plaintiff points to Boeing's "delay" in filing its revised bill of costs and also asserts ". . . that the issues raised in this case include issues of general public concern as evidenced by the recent litigation against Boeing alleging gender and race discrimination. Moreover, the decision of the Court of Appeals was based on a

procedural issue, failure to provide an adequate record, which did not vindicate Boeing on the merits."

The court rejects plaintiff's request. Insofar as timing issues are concerned, it does not appear that plaintiff's counsel ever objected to what he now asserts as "delay." Nor does he claim any prejudice to his client as a result of the "delay." Plaintiff's and Boeing's counsel are both experienced, respected litigators in this court. The absence of any objection by plaintiff's counsel to the time periods involved operates as a waiver.

The court similarly rejects the request that the parties should bear their own costs because of "public concern" and the fact that the Court of Appeals decision in favor of Boeing was based on a "procedural issue." No authority is cited for either of these propositions and the court finds them lacking in merit.

<u>Videotape Deposition</u>

The clerk taxed the cost of plaintiff's videotape discovery deposition. Plaintiff objects on the basis that ". . . there was never any reason to believe that Tony would be unavailable or unable to testify at the time of trial. The videotaping of Tony's deposition served no purpose in this case and was not reasonably necessary at the time it was taken." Boeing responds that the deposition was videotaped because Boeing believed ". . . it was reasonably necessary . . . because plaintiff's attitude, communication skills, and ability to interact with others were key issues . . . and Boeing wanted to show the jury through video how plaintiff answered questions and conducted himself during the

deposition."

Plaintiff does not dispute decisions of this court that videotape depositions may be taxed as costs. E.g., Griffith v. Mt. Carmel Medical Center, 157 F.R.D. 499, 502-03 (D. Kan. 1994).

The Tenth Circuit similarly recognizes that discovery depositions can be taxed as costs "[a]s long as the taking of the deposition appeared to be reasonably necessary at the time it was taken, barring other appropriate reasons for denial . . . ." Allison v. Bank One-Denver, 289 F.3d 1223, 1249 (10th Cir. 2002). It is routine practice to depose a plaintiff. It is also routine practice for a defendant to file a motion for summary judgment. The fact that Boeing ultimately prevailed by summary judgment and that a trial was not necessary is not determinative. As the Tenth Circuit observed in Callicrate v. Farmland Industries, Inc., 139 F.3d 1336 (10th Cir. 1998):

> It would therefore be inequitable to essentially penalize a party who happens to prevail on a dispositive motion by not awarding costs associated with that portion of discovery which had no bearing on the dispositive motion, but which appeared otherwise necessary at the time it was taken for proper preparation of the case. We will not, therefore, attempt to employ the benefit of hindsight in determining whether an otherwise taxable item was necessarily obtained for use in the case. Rather, we hold that such a determination must be made based on the particular facts and circumstances at the time the expense was incurred.

Id. at 1340; footnote omitted.

Thus, even though the court did not consider the plaintiff's demeanor, attitude and voice tone in connection with ruling on Boeing's motion for summary judgment, that does not mean that these

factors would have been irrelevant in the event the motion was denied and the case proceeded to trial. Plaintiff's deposition could have been used at trial for the purposes suggested by Boeing. Fed. R. Civ. P. 32(a)(1).

Therefore, the court finds that Boeing has met its burden to demonstrate that its decision to videotape plaintiff's deposition was reasonably necessary and overrules plaintiff's motion to retax the costs associated with that deposition.

Photocopies

Plaintiff acknowledges that Boeing is entitled to reimbursement for copies necessarily obtained for use in the case. 28 U.S.C. § 1920(4). He nevertheless contends that Boeing has not proved that the costs associated with the copying of the documents were reasonably necessary.

The documents were produced by plaintiff pursuant to a discovery request. The parties agree that the documents were "primarily training manuals, policies, awards and similar documents accumulated by Tony during his employment by Boeing." The clerk taxed costs of $1,001.85 paid by Boeing to a local copy company. The number of documents copied is in the thousands, based on the invoice charge of 15 cents per page. Boeing admits that it did not use any of the documents to support its motion for summary judgment but contends that some of them might have been used as trial exhibits in the event of a trial.

While photocopying charges are legitimately recoverable costs, Boeing nevertheless must establish their necessity for trial. Allison v. Bank One-Denver, supra, 289 F.3d at 1249. For the same

reason as the costs associated with depositions, the fact that the documents were not used is not determinative. However, Boeing has not offered any explanation regarding which of the documents would have been used in the event of a trial and obviously, the number would be far, far less than the number of documents copied.

28 U.S.C. § 1920(4) was enacted in 1948 and last amended in 1978, long before the explosion of companies which offer copy services. Companies such as Boeing, and their outside law firms, undoubtedly have to balance the cost of wholesale document copying by an outside coping service with the cost associated with having the copying done in-house on a more selective basis. The court assumes that in this case, when Boeing's counsel received plaintiff's documents, the decision was made to send all the documents to the outside copying company rather than sift through the documents to determine which ones should be copied. Presumably, given the sophistication of Boeing's counsel, wholesale copying was viewed as the preferable choice. However, there is no way in the world that Boeing's counsel could have assumed that all or even a small portion of plaintiff's documents would be relevant for purposes of a motion for summary judgment or trial, which is the test for determining recoverability of the costs under section 1920(4). Therefore, by submitting the bill for copying several thousand documents, Boeing has failed to meet its burden to demonstrate that the copies were ". . . necessarily obtained for use in the case." Therefore, plaintiff's motion to retax the copying costs is sustained.

IT IS SO ORDERED.

Dated this 2nd day of May 2006, at Wichita, Kansas.

s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE